ILND 44 (Rev. 08/23)

# CIVIL COVER SHEET

The ILND 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(See instructions on next page of this form.)*

## I. (a) PLAINTIFFS

VAROOM WHOA, INC.

**(b)** County of Residence of First Listed Plaintiff FRANKLIN, TN ***(Except in U.S. plaintiff cases)***

**(c)** Attorneys *(firm name, address, and telephone number)*

**BLANK ROME LLP; Rachel L. Schaller, 444 West Lake Street, Suite 1650, Chicago, IL 60606; Tel.: (312) 776-2518**

## DEFENDANTS

JOHN DOES 1-100, JANE DOES 1-100, XYZ COMPANIES 1-100

County of Residence of First Listed Defendant COOK COUNTY *(In U.S. plaintiff cases only)*

Note: In land condemnation cases, use the location of the tract of land involved.

Attorneys *(If Known)* N/A

## II. BASIS OF JURISDICTION *(Check **one** box, only.)*

- [ ] 1 U.S. Government Plaintiff
- [X] 3 Federal Question *(U.S. Government not a party.)*
- [ ] 2 U.S. Government Defendant
- [ ] 4 Diversity *(Indicate citizenship of parties in Item III.)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(For Diversity Cases Only.)*

*(Check **one** box, only for plaintiff and **one** box for defendant.)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | [ ] 1 | [ ] 1 | Incorporated *or* Principal Place of Business in This State | [ ] 4 | [ ] 4 |
| Citizen of Another State | [ ] 2 | [ ] 2 | Incorporated *and* Principal Place of Business in Another State | [ ] 5 | [ ] 5 |
| Citizen or Subject of a Foreign Country | [ ] 3 | [ ] 3 | Foreign Nation | [ ] 6 | [ ] 6 |

## IV. NATURE OF SUIT *(Check **one** box, only.)*

**CONTRACT**
- [ ] 110 Insurance
- [ ] 120 Marine
- [ ] 130 Miller Act
- [ ] 140 Negotiable Instrument
- [ ] 150 Recovery of Overpayment & Enforcement of Judgment
- [ ] 151 Medicare Act
- [ ] 152 Recovery of Defaulted Student Loan (Excludes Veterans)
- [ ] 153 Recovery of Veteran's Benefits
- [ ] 160 Stockholders' Suits
- [ ] 190 Other Contract
- [ ] 195 Contract Product Liability
- [ ] 196 Franchise

**TORTS**

PERSONAL INJURY
- [ ] 310 Airplane
- [ ] 315 Airplane Product Liability
- [ ] 320 Assault, Libel & Slander
- [ ] 330 Federal Employers' Liability
- [ ] 340 Marine
- [ ] 345 Marine Product Liability
- [ ] 350 Motor Vehicle
- [ ] 355 Motor Vehicle Product Liability
- [ ] 360 Other Personal Injury
- [ ] 362 Personal Injury - Medical Malpractice

PERSONAL INJURY
- [ ] 365 Personal Injury - Product Liability
- [ ] 367 Health Care/ Pharmaceutical Personal Injury Product Liability
- [ ] 368 Asbestos Personal Injury Product Liability

PERSONAL PROPERTY
- [ ] 370 Other Fraud
- [ ] 371 Truth in Lending
- [ ] 380 Other Personal Property Damage
- [ ] 385 Property Damage Product Liability

**PRISONER PETITIONS**
- [ ] 510 Motions to Vacate Sentence
- [ ] 530 General
- [ ] 535 Death Penalty

Other:
- [ ] 540 Mandamus & Other
- [ ] 550 Civil Rights
- [ ] 555 Prison Condition
- [ ] 560 Civil Detainee - Conditions of Confinement

**LABOR**
- [ ] 710 Fair Labor Standards Act
- [ ] 720 Labor/Management Relations
- [ ] 740 Railway Labor Act
- [ ] 751 Family and Medical Leave Act
- [ ] 790 Other Labor Litigation
- [ ] 791 Employee Retirement Income Security Act

**PROPERTY RIGHTS**
- [ ] 820 Copyright
- [ ] 830 Patent
- [ ] 835 Patent - Abbreviated New Drug Application
- [X] 840 Trademark
- [ ] 880 Defend Trade Secrets Act of 2016 (DTSA)

**OTHER STATUTES**
- [ ] 375 False Claims Act
- [ ] 376 Qui Tam (31 USC 3729 (a))
- [ ] 400 State Reapportionment
- [ ] 410 Antitrust
- [ ] 430 Banks and Banking
- [ ] 450 Commerce
- [ ] 460 Deportation
- [ ] 470 Racketeer Influenced and Corrupt Organizations
- [ ] 480 Consumer Credit
- [ ] 485 Telephone Consumer Protection Act (TCPA)
- [ ] 490 Cable/Sat TV
- [ ] 850 Securities/Commodities/ Exchange
- [ ] 890 Other Statutory Actions
- [ ] 891 Agricultural Arts
- [ ] 893 Environmental Matters
- [ ] 895 Freedom of Information Act
- [ ] 896 Arbitration
- [ ] 899 Administrative Procedure Act/Review or Appeal of Agency Decision
- [ ] 950 Constitutionality of State Statutes

**REAL PROPERTY**
- [ ] 210 Land Condemnation
- [ ] 220 Foreclosure
- [ ] 230 Rent Lease & Ejectment
- [ ] 240 Torts to Land
- [ ] 245 Tort Product Liability
- [ ] 290 All Other Real Property

**CIVIL RIGHTS**
- [ ] 440 Other Civil Rights
- [ ] 441 Voting
- [ ] 442 Employment
- [ ] 443 Housing/Accommodations
- [ ] 445 Amer. w/ Disabilities-Employment
- [ ] 446 Amer. w/Disabilities - Other
- [ ] 448 Education

**BANKRUPTCY**
- [ ] 422 Appeal 28 USC 158
- [ ] 423 Withdrawal 28 USC 157

**IMMIGRATION**
- [ ] 462 Naturalization Application
- [ ] 463 Habeas Corpus – Alien Detainee (Prisoner Petition)
- [ ] 465 Other Immigration Actions

**FORFEITURE/PENALTY**
- [ ] 625 Drug Related Seizure of Property 21 USC 881
- [ ] 690 Other

**SOCIAL SECURITY**
- [ ] 861 HIA (1395ff)
- [ ] 862 Black Lung (923)
- [ ] 863 DIWC/DIWW (405(g))
- [ ] 864 SSID Title XVI
- [ ] 865 RSI (405(g))

**FEDERAL TAXES**
- [ ] 870 Taxes (U.S. Plaintiff or Defendant
- [ ] 871 IRS—Third Party 26 USC 7609

## V. ORIGIN *(Check **one** box, only.)*

- [X] 1 Original Proceeding
- [ ] 2 Removed from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from Another District (specify)
- [ ] 6 Multidistrict Litigation - Transfer
- [ ] 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION

( Enter U.S. Civil Statute under which you are filing and write a brief statement of cause.)

15 U.S.C. 1051 et seq.

## VII. PREVIOUS BANKRUPTCY MATTERS

(For nature of suit 422 and 423, enter the case number and judge for any associated bankruptcy matter previously adjudicated by a judge of this Court. Use a separate attachment if necessary.)

## VIII. REQUESTED IN COMPLAINT:

[ ] Check if this is a **class action** under Rule 23, F.R.CV.P.

**Demand $**

**CHECK Yes only if demanded in complaint:**

**Jury Demand:** [ ] Yes [X] No

## IX. RELATED CASE(S) IF ANY *(See instructions):*

Judge

Case Number

## X. Is this a previously dismissed or remanded case?

[ ] **Yes** [ ] **No** **If yes, Case #** **Name of Judge**

**Date:** **September 2, 2026**

**Signature of Attorney of Record** ***/s Rachel L. Schaller***

# INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS 44

Authority For Civil Cover Sheet

The JS 44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleading or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently, a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. The attorney filing a case should complete the form as follows:

**I.(a)** **Plaintiffs-Defendants.** Enter names (last, first, middle initial) of plaintiff and defendant. If the plaintiff or defendant is a government agency, use only the full name or standard abbreviations. If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official, giving both name and title.

**(b)** **County of Residence.** For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the time of filing. In U.S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing. (NOTE: In land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved.)

**(c)** **Attorneys.** Enter the firm name, address, telephone number, and attorney of record. If there are several attorneys, list them on an attachment, noting in this section "(see attachment)".

**II.** **Jurisdiction.** The basis of jurisdiction is set forth under Rule 8(a), F.R.Cv.P., which requires that jurisdictions be shown in pleadings. Place an "X" in one of the boxes. If there is more than one basis of jurisdiction, precedence is given in the order shown below.
United States plaintiff. (1) Jurisdiction based on 28 U.S.C. 1345 and 1348. Suits by agencies and officers of the United States are included here.
United States defendant. (2) When the plaintiff is suing the United States, its officers or agencies, place an "X" in this box.
Federal question. (3) This refers to suits under 28 U.S.C. 1331, where jurisdiction arises under the Constitution of the United States, an amendment to the Constitution, an act of Congress or a treaty of the United States. In cases where the U.S. is a party, the U.S. plaintiff or defendant code takes precedence, and box 1 or 2 should be marked.
Diversity of citizenship. (4) This refers to suits under 28 U.S.C. 1332, where parties are citizens of different states. When Box 4 is checked, the citizenship of the different parties must be checked**.** (See Section III below**; NOTE: federal question actions take precedence over diversity cases.**)

**III.** **Residence (citizenship) of Principal Parties.** This section of the JS 44 is to be completed if diversity of citizenship was indicated above. Mark this section for each principal party.

**IV.** **Nature of Suit.** Place an "X" in the appropriate box. If there are multiple nature of suit codes associated with the case, pick the nature of suit code that is most applicable. Click here for: Nature of Suit Code Descriptions.

**V.** **Origin.** Place an "X" in one of the seven boxes.
Original Proceedings. (1) Cases which originate in the United States district courts.
Removed from State Court. (2) Proceedings initiated in state courts may be removed to the district courts under Title 28 U.S.C., Section 1441. When the petition for removal is granted, check this box.
Remanded from Appellate Court. (3) Check this box for cases remanded to the district court for further action. Use the date of remand as the filing date.
Reinstated or Reopened. (4) Check this box for cases reinstated or reopened in the district court. Use the reopening date as the filing date.
Transferred from Another District. (5) For cases transferred under Title 28 U.S.C. Section 1404(a). Do not use this for within district transfers or multidistrict litigation transfers.
Multidistrict Litigation – Transfer. (6) Check this box when a multidistrict case is transferred into the district under authority of Title 28 U.S.C. Section 1407.
Multidistrict Litigation – Direct File. (8) Check this box when a multidistrict case is filed in the same district as the Master MDL docket.
**PLEASE NOTE THAT THERE IS NOT AN ORIGIN CODE 7.** Origin Code 7 was used for historical records and is no longer relevant due to changes in statue.

**VI.** **Cause of Action.** Report the civil statute directly related to the cause of action and give a brief description of the cause. **Do not cite jurisdictional statutes unless diversity.** Example: U.S. Civil Statute: 47 USC 553 Brief Description: Unauthorized reception of cable service

**VII.** **Requested in Complaint.** Class Action. Place an "X" in this box if you are filing a class action under Rule 23, F.R.Cv.P.
Demand. In this space enter the actual dollar amount being demanded or indicate other demand, such as a preliminary injunction.
Jury Demand. Check the appropriate box to indicate whether or not a jury is being demanded.

**VIII.** **Related Cases.** This section of the JS 44 is used to reference related pending cases, if any. If there are related pending cases, insert the docket numbers and the corresponding judge names for such cases.

**Date and Attorney Signature.** Date and sign the civil cover sheet.

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| VAROOM WHOA, INC.,<br><br>Plaintiff,<br><br>vs.<br><br>JOHN DOES 1-100, JANE DOES 1-100, AND XYZ COMPANIES 1-100,<br><br>Defendants. | Case No. |

**COMPLAINT**

Plaintiff Varoom Whoa, Inc. ("Plaintiff" or "Varoom Whoa"), by its undersigned attorneys, complaining of Defendants herein, alleges as follows:

**JURISDICTION AND VENUE**

1. This action arises under the Lanham Act, 15 U.S.C. §§ 1051 *et seq*, including 15 U.S.C. § 1116(d) (enabling courts, upon *ex parte* application, to grant an order providing for the multidistrict seizure of counterfeit goods). Accordingly, this Court has federal question jurisdiction over the subject matter of this action pursuant to 15 U.S.C. § 1121 and 28 U.S.C. §§ 1331 and 1338. Venue in this district is proper under 28 U.S.C. § 1391(b) because Defendants intend to sell and distribute unauthorized goods at performing musical artist Hayley Williams' upcoming scheduled concert performance at Credit Union 1 Amphitheatre in Tinley Park, Illinois on September 24, 2026 (the "Tinley Park Show").

## PARTIES

2. Plaintiff is a business entity with its principal place of business in Franklin, Tennessee. Plaintiff manages the performing musical artist Hayley Williams ("Hayley Williams" or the "Artist") and owns the rights in and to the Artist's name, logos, likenesses and a federally registered trademark (collectively, the "Trademark"), which it manages and exploits through its exclusive management of the Artist. Plaintiff holds the exclusive rights to exploit the Trademark pertaining to the Artist, including for the purposes of producing and planning the Artist's concert performances as well as producing, distributing, and selling various types of music-related merchandise. The Artist is the sole owner of Plaintiff.

3. Plaintiff has the exclusive rights to sell and distribute merchandise relating to the Artist and to oversee the sale of such merchandise through retail establishments and at the Artist's concert performances. The merchandise sold by Plaintiff at the Artist's concerts includes T-shirts and other clothing, hats, bracelets, postcards, mugs, vinyl records, and CDs (collectively, the "Authorized Tour Merchandise"). Plaintiff holds the exclusive rights to sell Authorized Tour Merchandise in connection with the Artist's scheduled concert performance at the Tinley Park Show on September 24, 2026. The Trademark has been used for many years to identify the Artist as a performing musical artist in all phases of the entertainment industry and to distinguish the Artist from all other such artists.

4. Defendants John Does 1-100, Jane Does 1-100 and XYZ Companies 1-100 are sued herein under fictitious names because their true names and capacities are unknown at this time. This complaint will be amended when their true names and capacities are ascertained.

5. The individual defendants are or will be present in and about the Northern District of Illinois in connection with the claims asserted below and are or will be subject to the jurisdiction of this Court.

6. Defendants XYZ Companies, through their agents, servants and employees, are or will be present in and about the Northern District of Illinois and are or will be subject to the jurisdiction of this Court. This complaint will be amended when their true names are ascertained.

7. Defendants, and each of them, are individuals and business entities who, upon information and belief, are acting in concert and active participation with each other in committing the wrongful acts alleged herein.

8. Defendants John Does 1-100, Jane Does 1-100, and XYZ Companies are hereinafter referred to collectively as "Defendants."

## THE BACKGROUND OF THE ACTION

9. "**HAYLEY WILLIAMS**" is a federally registered trademark, Reg. No. 7,220,965, for use in connection with: International Class ("IC") 09, audio and video recordings featuring musical entertainment, digital media, namely, downloadable audio files and downloadable audio and video recordings featuring musical entertainment, downloadable musical sound recordings, downloadable video recordings featuring musical entertainment, musical sound recordings, musical video recordings, video recordings featuring musical entertainment; IC 016, printed matter, namely, posters, stickers and informational flyers featuring information about a performing artist; IC 025, tops as clothing, bottoms as clothing, shirts, hooded sweatshirts, headwear; and IC 041, entertainment services in the nature of live musical performances, entertainment, namely, personal appearances by a musician and musical group; entertainment in the nature of live visual

and audio performances by a musical artist and musical group, entertainment services, namely, providing a web site featuring nondownloadable musical performances, news, articles, reviews, photographs, other entertainment information and non-downloadable multi-media materials in the nature of photos and video clips all relating to a performing and recording musical artist, entertainment services, namely, providing non-downloadable pre-recorded music, information in the fields of music and entertainment, commentary and articles about music and entertainment, all online via a global computer network, entertainment services, namely, providing non-downloadable pre-recorded digital music via a global communications network, and fan club services. The federally registered trademark is incontestable. A true and correct copy of the trademark registration is attached hereto as **Exhibit A**.

10. The Artist is one of the most recognizable and influential vocalists, songwriters, and performers in contemporary popular music. The Artist first achieved worldwide recognition as the lead vocalist, principal lyricist, and frontwoman of the Grammy Award-winning band Paramore, whose music has reached millions of listeners through bestselling albums, hit singles, extensive radio play, streaming services, and live performances throughout the United States and around the world. Known for her distinctive voice and energetic stage presence, the Artist has built substantial goodwill in her name, image, likeness, and the Trademark, all of which distinguish the Artist from other musical performers and identify officially authorized goods and services connected with the Artist and her career.

11. The Artist has also developed a powerful cultural presence and a loyal international fan base. Through the Artist and Paramore's recordings, concert tours, festival appearances, music videos, press coverage, social media presence, and official merchandise, the Artist has become closely associated with the modern alternative, pop-punk, and rock music landscape. Her

reputation and influence extend beyond recorded music to fashion, beauty, and live performance, and fans identify the Artist not only by her music but also by her distinctive visual style, performance persona, and longstanding role as one of the most prominent female artists in rock-oriented popular music.

12. In addition to her work with Paramore, the Artist has also pursued a highly successful solo career as a singer-songwriter and recording artist. On July 28, 2025, the Artist released her third solo studio album, entitled *Ego Death at a Bachelorette Party* (the "Album").

13. Following the Album's release, the Artist has launched a world tour, styled as the *Hayley Williams Show* (the "Tour"), which is scheduled to include the following limited number of tour stops and concert performances at prominent venues in certain parts of the United States, before making additional stops outside the United States, including in the Caribbean and Latin America:

a. Sep. 3, 2026, iTHINK Financial Amphitheatre, West Palm Beach, FL;

b. Sep. 5, 2026, Ameris Bank Amphitheatre, Alpharetta, GA;

c. Sep. 6, 2026, Credit One Stadium, Charleston, SC;

d. Sep. 8, 2026, Truliant Amphitheater, Charlotte, NC;

e. Sep. 9, 2026, Coastal Credit Union Music Park At Walnut Creek, Raleigh, NC;

f. Sep. 11, 2026, Xfinity Center, Mansfield, MA;

g. Sep. 12, 2026, Live Nation Concerts at SPAC, Saratoga Springs, NY;

h. Sep. 14, 2026, BankNH Pavilion, Gilford, NH;

i. Sep. 16-17, 2026, Forest Hills Stadium, Forest Hills, NY;

j. Sep. 19, 2026, Pine Knob Music Theatre, Clarkston, MI;

k. Sep. 23, 2026, Riverbend Music Center, Cincinnati, OH;

l. Sep. 24, 2026, Credit Union 1 Amphitheatre, Tinley Park, IL;

m. Sep. 30, 2026, White River Amphitheatre, Auburn, WA;

n. Oct. 2, 2026, Shoreline Amphitheatre, Mountain View, CA;

o. Oct. 3, 2026, North Island Credit Union Amphitheatre, Chula Vista, CA;

p. Oct. 5-6, 2026, Hollywood Bowl, Los Angeles, CA;

q. Oct. 9, 2026, The Cynthia Woods Mitchell Pavilion, The Woodlands, TX;

r. Oct. 10, 2026, Champions Square, New Orleans, LA; and

s. Oct. 12, 2026, BankPlus Amphitheater at Snowden Grove, Southaven, MS.

14. Plaintiff brings this action to prevent the sale of counterfeit and infringing "bootleg" tour merchandise in connection with the Artist's concert performances at the Tinley Park Show and other U.S. stops on the Tour, including inside, outside, and nearby the Tinley Park Show and other concert venues. If such counterfeit and infringing activities are not restrained and are permitted to continue, it will cause substantial harm to Plaintiff.

15. Upon information and belief, Defendants intend to and will sell and distribute unauthorized, infringing, and counterfeit T-shirts and other merchandise ("Bootleg Merchandise") bearing the Trademark at and/or in the vicinity of the Tinley Park Show before, during and after the performance, and at other concerts during the Tour, as they have done at prior of the Artist's performances and tours.

16. The Bootleg Merchandise is of the same general appearance as Authorized Tour Merchandise and is likely to cause confusion among prospective purchasers. Defendants' Bootleg Merchandise is not authorized by the Plaintiff.

17. Numerous other popular performing musical artists and/or their merchandisers have recently brought similar lawsuits and obtained identical relief to that being sought by Plaintiff in this case ahead of artists' U.S. concert tours and performances, including, among others, MGK (Bravado v. Does, Case No. 1:25-cv-14333 (N.D. Ill.) filed November 24, 2025) (Judge Kness); (Merch Traffic, LLC v. Various John Does et al., Case No. 1:24-cv-06722 (N.D. Ill.) filed July 31, 2024) (Alonso, J.); Bruce Springsteen (MERCH TRAFFIC, LLC v. DOES 1-100 ET AL., Case No. 26-cv-3738 (D.N.J.) filed April 9, 2026); pop singer Dua Lipa (CEREMONY OF ROSES ACQUISITION LLC v. JOHN DOES 1-100 ET AL., Case No. 1:25-cv-07512 (S.D.N.Y.) filed September 10, 2025); and rapper A$AP Rocky (BRAVADO INTERNATIONAL GROUP MERCHANDISING SERVICES, INC. v. JOHN DOES 1-100 ET AL., Case No. 4:26-cv-04614 (S.D. Tex.) filed June 11, 2026). In each of those actions, the court granted the plaintiff's motion for a Temporary Restraining Order and Order of Seizure permitting the performing musical artists and their authorized representatives to seize counterfeit and infringing Bootleg Merchandise from bootleggers in the vicinity of those artists' concert performances for the duration of their respective U.S. tours.

18. Plaintiff now seeks the same relief recently granted by this Court and numerous other federal courts around the country, albeit in connection with the Artist's upcoming scheduled concert performances.

## FIRST CAUSE OF ACTION

## (INFRINGEMENT OF A REGISTERED TRADEMARK)

19. Plaintiff realleges each allegation set forth in the paragraphs above.

20. Plaintiff owns a valid, legally protectable, and federally registered trademark. *See* **Exhibit A**.

21. Defendants are using Plaintiff's federally registered trademark in commerce by selling Bootleg Merchandise bearing the federally registered trademark at the Artist's shows, without Plaintiff's permission, authorization or approval, and intend to continue to do so.

22. Defendants' unauthorized use of Plaintiff's federally registered trademark on Bootleg Merchandise creates a likelihood of confusion, as it is of the same general appearance as Plaintiff's Authorized Tour Merchandise, and therefore constitutes infringement of Plaintiff's Trademark.

23. Plaintiff is being damaged, and unless Defendants are restrained from continuing to market and sell the Bootleg Merchandise, will continue to be damaged, by Defendants' infringement of Plaintiff's Trademark.

24. Accordingly, Plaintiff hereby asserts a claim against Defendants for injunctive and monetary relief pursuant to 15 U.S.C. § 1114(b) with respect to Defendants' infringement of the registered mark.

## SECOND CAUSE OF ACTION

## (VIOLATION OF THE LANHAM ACT)

25. Plaintiff repeats and realleges each allegation set forth in the foregoing paragraphs, as though fully set forth herein.

26. Plaintiff has used the Artist's inherently distinctive name and Trademark to identify officially authorized goods and services and to distinguish the Artist from other musical performing artists. Plaintiff has, among other things, prominently displayed the Trademark in advertising and promotional material; in and on records, compact discs, audiotape boxes, and streaming services; and on merchandise, including the Authorized Tour Merchandise. Plaintiff has realized, and expects to realize, substantial income from the sale of merchandise bearing the Trademark (including the Authorized Tour Merchandise), and hundreds of thousands of such items have been sold throughout the United States.

27. As a result of the foregoing, the Trademark has developed and now possesses secondary and distinctive meaning to purchasers of the Authorized Tour Merchandise.

28. The Artist has achieved wide renown during her career in the music industry. The Trademark has been used in interstate commerce on and for the purpose of identifying, among other things, Authorized Tour Merchandise, including T-shirts and other apparel.

29. The Artist has a decidedly strong and loyal following among concertgoers, record buyers, and subscribers to streaming services. She has appeared—and will appear—in concerts at major venues in the United States and around the world and has been seen and heard in concert by millions of music enthusiasts.

30. Defendants have engaged, and will continue to engage, in the unauthorized manufacture, distribution and sale of the Bootleg Merchandise in interstate commerce, including at and/or in the vicinity of the Tinley Park Show, and will continue to do so on other stops on the Tour to the great injury of Plaintiff.

31. The Bootleg Merchandise is of the same general appearance as the Authorized Tour Merchandise and is likely to confuse prospective purchasers as to the source or sponsorship of such Bootleg Merchandise.

32. The Bootleg Merchandise is generally of inferior quality. The sale of such merchandise is likely to injure the reputation of the Artist and Plaintiff, who have developed the reputation for high quality associated with the Authorized Tour Merchandise by virtue of the Artist's public performances and Plaintiff's sale of officially licensed merchandise in connection with such performances.

33. The manufacture, distribution, and sale of Bootleg Merchandise by Defendants, and those acting in concert with Defendants, constitutes a false designation of the source of origin of such goods and falsely describes and represents such merchandise, in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

34. The aforesaid acts by Defendants are likely to cause the purchasing public to believe that the sale of such Bootleg Merchandise is authorized, sponsored, or approved by the Artist and Plaintiff and that such Bootleg Merchandise is subject to the same quality control and regulation required by Plaintiff. It also injures the Plaintiff in that Defendants do not have to pay any royalty for these unlawful sales.

35. The use by Defendants and others of the Trademark constitutes an attempt to palm off and appropriate to themselves Plaintiff's exclusive rights therein.

36. Defendants have engaged, and will continue to engage, in such unauthorized activities in this state to the great injury of Plaintiff.

37. As a direct and proximate result of Defendants' wrongful conduct, Plaintiff has suffered injury in fact, as described herein.

38. Plaintiff has no adequate remedy at law and has suffered, and will continue to suffer, irreparable harm and damage as a result of Defendants' aforesaid acts, which, if not enjoined, will cause injury and monetary loss in an amount presently incalculable.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff seeks relief as follows:

1. That Defendants, their agents, servants, employees, officers, attorneys, successors, and assigns, and all persons acting in concert with Defendants, or on their behalf, be enjoined preliminarily during the course of this litigation and permanently, from:

   a. manufacturing, distributing, selling, offering for sale, holding for sale or advertising any products bearing the name, trademark, likeness, or other indicia of the Artist or any colorable variation thereof; and

   b. representing that any article of merchandise manufactured, distributed, sold, held for sale or advertised by them is sponsored or authorized by Plaintiff or the Artist.

2. That this Court authorize agents of Plaintiff, the local and state police, and/or any persons acting under their supervision, to seize and impound any and all Bootleg Merchandise which the Defendants attempt to sell, distribute or hold for sale at, within, or in the vicinity of the

Tinley Park Show and the other U.S. concert performances on the current Tour, before, during and after said concerts.

3. That Defendants deliver up for destruction all Bootleg Merchandise bearing the Trademark, including the name, image, likeness, or other indicia of the Artist.

4. That Defendants pay to Plaintiff damages in an amount to be determined based upon Plaintiff's loss of income from Defendants' unauthorized activities.

5. For an award of attorneys' fees and costs pursuant to 15 U.S.C. § 1117 and other operation of law.

6. That Plaintiff be given such other and further relief as the Court deems to be reasonable, necessary and just.

Dated: September 2, 2026

Respectfully submitted,

**BLANK ROME LLP**

*/s Rachel L. Schaller*
Rachel L. Schaller
444 West Lake Street, Suite 1650
Chicago, IL 60606
Tel.: (312) 776-2518
Fax: (312) 264-0848
Rachel.Schaller@BlankRome.com

Charles S. Marion (*pro hac vice pending*)
One Logan Square
130 N. 18th Street
Philadelphia, PA 19103-6998
Tel.: 215-569-5384
Fax: 215-569-5555
charles.marion@blankrome.com

Mark D. Passler (*pro hac vice pending*)
222 Lakeview Avenue
Suite #1400
West Palm Beach, FL 33401

Tel.: (561) 282-3811
Fax: (561) 282-3801
mark.passler@blankrome.com

*Attorneys for Plaintiff Varoom Whoa, Inc.*